COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

GERARDO BALLANTINE,                                 )

                                                                              )              
No.  08-03-00222-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20020D04583)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
of a jury conviction for two counts of aggravated sexual assault of a
child.  Appellant was sentenced to 50
years=
imprisonment.  The sole issue presented
on appeal is whether Appellant=s
constitutional right to confront his accusers was denied.  We affirm.








The
fifteen-year-old victim, R.M., left a quinceañera party with some friends and
several men including the Appellant.  The
group went to an abandoned trailer home. 
R.M. was amorous with one of the men, Oscar Ramos, and after a time they
went to the back room of the trailer. 
Appellant followed them.  As she
was kissing and holding Mr. Ramos, Appellant removed her pants and
underwear.  They then positioned her on
the floor, where Appellant forcibly had vaginal and then anal intercourse with
her.  At the same time, Mr. Ramos fondled
her breasts, attempted to have her perform oral sex on him, and simultaneously
digitally penetrated her anus as Appellant had vaginal intercourse with
her.  A number of other men including
Luis Rivera watched the assault.

At trial, Sheriff=s Detective Jaime Terrazas provided
testimony regarding his investigation. 
He first testified that he interrogated Luis Rivera.  From that interrogation, he learned that
Oscar Ramos who was known as ABoxer,@ was involved in the assault.  After interviewing the victim again, the officer
arrested Oscar Ramos.  Mr. Ramos gave a
written confession that implicated the Appellant, whose nickname is ACholo.@

On appeal,
Appellant complains that he was Adeprived
of his Right to Confront his accusers through the State=s
use of hearsay testimony.@  The State points out that the only objections
made at trial were limited to hearsay. 
Appellant never objected on Confrontation Clause grounds.  Thus, he failed to preserve error on
Confrontation Clause grounds at trial.  See
Paredes v. State, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004), citing Tex.R.App.P. 33.1.

But even if a
Confrontation Clause objection had been properly made, we also find nothing in
the record to suggest that either Mr. Rivera=s
or Mr. Ramos= written
statements were ever introduced into evidence as alleged by Appellant.  Moreover, we find that the trial court very
ably excluded almost all of the hearsay statements attributed to Mr. Rivera or
Mr. Ramos in the detective=s
testimony and sustained hearsay objections in two instances and instructed the
jury to disregard those statements.








What remains in
the testimony of Detective Terrazas, that was heard by the jury, was simply not
hearsay.  That is to say, hearsay is an
out of court statement offered as evidence to prove the truth of the matter
asserted by the statement, and almost none of the detective=s testimony was offered to prove the
truth of the matter asserted, rather he was simply explaining how his
investigation led to the Appellant. 
Finally, his testimony that Mr. Ramos had implicated Appellant in his
confession is admissible because of the co-conspirator exclusion.  Tex.R.Evid.
801(e)(2)(E).

Accordingly, we
overrule Appellant=s single
issue and affirm the trial court=s
judgment.

 

 

August
20, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)